# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
## MADISON DIVISION

| | |
|---|---|
| James Deitrich, Jr.<br>2031 Viking Dr.<br>Reedsburg, WI 53959 | Case No.:<br><br>Judge: |
|       Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, WISCONSIN CONSUMER ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF** |
| v.<br><br>Transworld Systems, Inc.<br>c/o CT Corporation System<br>8040 Excelsior Dr., Suite 200<br>Madison, WI 53717 | |
| | **JURY DEMAND ENDORSED HEREIN** |
|       Defendant. | |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices

   Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant

   to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to

   this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or

   was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff is a "customer" as defined by Wis. Stat. § 421.301(17).

7. Plaintiff entered into a "consumer credit transaction" as defined by Wis. Stat. § 421.301(10).

1

8.  As described below, Defendant attempted to collect from Plaintiff an alleged debt arising out
    of the "consumer credit transaction" referenced above.

9.  Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3).

10. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

11. On or around February 2, 2009, Defendant telephoned Plaintiff's father, James Deitrich, Sr.
    ("Mr. Deitrich").

12. During this communication, without first verifying Mr. Deitrich's identity, Defendant
    disclosed the existence of the debt.

13. During this communication, Mr. Deitrich advised Defendant that he was not aware of the
    debt and Defendant responded by accusing Mr. Deitrich of lying.

14. During this communication, Defendant threatened to make matters worse if Mr. Deitrich
    hung up the telephone on Defendant.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial
    anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to
    comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and

disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692d in that Defendant used abusive language during its

communications in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

unconscionable means to collect the debt.

## COUNT FIVE

### Violation of the Wisconsin Consumer Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated Wis. Stat. § 427.104(1)(e) in that it disclosed or threatened to disclose

Plaintiff's debt to a person other than Plaintiff or Plaintiff's spouse.

## COUNT SIX

### Violation of the Wisconsin Consumer Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated Wis. Stat. § 427.104(1)(h) in that it engaged in other conduct which can

reasonably be expected to threaten or harass Plaintiff and Plaintiff's father.

## COUNT SEVEN

### Violation of the Wisconsin Consumer Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated Wis. Stat. § 427.104(1)(i) in that it used obscene or threatening language

    in its communications with Plaintiff's father.

## COUNT EIGHT

### Invasion of Privacy by Public Disclosure of Private Facts

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant disclosed information about Plaintiff's private life to Mr. Deitrich.

33. Mr. Deitrich is a member of Plaintiff's family and has a special relationship with Plaintiff.

34. Defendant's disclosure to Mr. Deitrich is highly offensive to a reasonable person.

35. The matter disclosed is not of legitimate concern to the public.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and

        reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment against Defendant for actual damages and the statutory penalty pursuant

        to Wis. Stat. § 427.105(1).

    c.  Judgment, in an amount to be determined at trial, against Defendant for the

        Invasion of Privacy by Public Disclosure of Private Facts.

    d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: <u>s/Timothy J. Sostrin</u>
    Timothy J. Sostrin
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone:  312-753-7576
    Fax: 312-822-1064
    Email:  tjs@legalhelpers.com